# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL KING,<br><br>           Petitioner,<br><br>   v.<br><br>STU SHERMAN, Warden,<br><br>           Respondent. | Case No. CV 15-9948 ODW (AFM)<br><br>**ORDER TO SHOW CAUSE** |

On December 29, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254).

In an earlier action, in Case No. CV 15-9514-ODW (AFM), petitioner had filed a "Motion for: Stay & Abeyance." This action was summarily dismissed on December 18, 2015, because the Motion was unaccompanied by a Petition. Since petitioner has now filed a Petition, the Clerk of the Court has filed the Petition with a new case number.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1]

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to four of his six grounds for relief. Specifically, it appears that Grounds Three to Six were raised for the first time in a habeas petition that currently is pending before the California Supreme Court.

Accordingly, petitioner's inclusion of Grounds Three to Six in the Petition renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996); *Jennison v. Goldsmith*, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness

---

available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

requirement as a Petition for Review of a Court of Appeal decision). *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. *See Rose*, 455 U.S. at 522; *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille*, 489 U.S. at 349. However, more recently, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Under *Rhines*, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." *See id.* at 277-78. Here, although petitioner did file a "Motion for: Stay & Abeyance" in the previous action, in Case No. CV 15-9514-ODW (AFM), petitioner did not purport to make all *three* of the requisite showings for stay-and-abeyance.

///

///

IT THEREFORE IS ORDERED that, on or before February 3, 2016, petitioner either file his stay-and-abeyance application (if he believes he can make the requisite showings) or show cause in writing, if any he has, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdraws his unexhausted claims.

DATED: January 5, 2016

*/s/ Alex MacKinnon*

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE